UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX CICCOTELLI,<br><br>           Plaintiff,<br><br>      v.<br><br>SEACHANGE INTERNATIONAL, INC.,<br>ROBERT PONS, PETER D. AQUINO,<br>DAVID J. NICOL, JULIAN D. SINGER,<br>STEVEN G. SINGER, and MATTHEW<br>STECKER,<br><br>           Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on December 22, 2021 (the "Proposed Transaction"), pursuant to which SeaChange International, Inc. ("SeaChange" or the "Company") will merge with Triller Hold Co LLC ("Holdco").

2. On December 22, 2021, SeaChange's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an Agreement and Plan of Merger (the "Merger Agreement") with Holdco.

3. On February 22, 2022, defendants filed a registration statement (the "Registration Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of SeaChange common stock.

9. Defendant SeaChange is a Delaware corporation and a party to the Merger Agreement. SeaChange's common stock is traded on the NASDAQ under the ticker symbol "SEAC."

10. Defendant Robert Pons is Chairman of the Board of the Company.

11. Defendant Peter D. Aquino is a director of the Company.

12. Defendant David J. Nicol is a director of the Company.

13. Defendant Julian D. Singer is a director of the Company.

14. Defendant Steven G. Singer is a director of the Company.

15. Defendant Matthew Stecker is a director of the Company.

16. The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

17. SeaChange provides video streaming, linear TV, and video advertising technology for operators, content owners, and broadcasters globally.

18. On December 22, 2021, SeaChange's Board caused the Company to enter into the Merger Agreement.

19. According to the press release announcing the Proposed Transaction:

SeaChange International, Inc. ("SeaChange") (NASD:SEAC) together with Triller Hold Co LLC ("TrillerVerz" or the "Company") today announced that they have entered into a definitive agreement and plan of merger (the "Merger Agreement") to combine with SeaChange, a publicly-traded company focused on advanced digital advertising with TrillerVerz. The proposed business combination (the "Business Combination") is expected to ultimately result in a value of the combined company at approximately $5 billion. . . .

After completing the proposed Business Combination, SeaChange will change its name to "TrillerVerz Corp." The ticker symbol is expected to change from "SEAC" currently listed on Nasdaq to the new ticker symbol "ILLR". . . .

The boards of both TrillerVerz and SeaChange have approved the proposed Business Combination. It is expected to close in the first quarter of 2022, subject to regulatory and stockholder approvals and the satisfaction of other closing conditions, including specified working capital requirements.

Upon closing, the combined company will be led by TrillerVerz's CEO, Mahi de Silva, who will also become Chairman of the Board. Peter Aquino, President and CEO of SeaChange will join the TrillerVerz team. . . .

Transaction Overview

Pursuant and subject to the terms and conditions of the Merger Agreement, in addition to other contemplated transactions, (i) the parties anticipate that TrillerVerz will conduct an offering of convertible notes prior to the closing in an amount in excess of $100 million (the "Company Convertible Notes"), and (ii) the charter of the surviving company will provide for two classes of common stock, consisting of Class A common stock ("Buyer Class A Common Stock") and Class B common stock (which Class B common stock is anticipated to provide for super-voting rights to provide its holders 76% or more of the total voting rights) ("Buyer Class B Common Stock").

The stockholders of SeaChange will have the right to elect to receive either (i) their pro rata portion of $25 million cash consideration along with their pro rata portion of an aggregate $75 million in principal of notes (the "Notes Consideration") to be issued by the surviving company to the holders of SeaChange common stock (such cash and notes consideration, the "Cash/Notes Consideration") or (ii) a number of shares of Buyer Class A Common Stock (the "Stock Consideration"), in an amount equal to that which such holder would have received if such holder had purchased Company Convertible Notes in an aggregate amount equal to its pro rata portion of the Cash/Notes Consideration and then converted such Company Convertible Notes at the conversion price at which such Company Convertible Notes were issued and then participated pro-rata along with the TrillerVerz holders in the proposed Business Combination. Assuming that (i) all holders of SeaChange common stock elect the Stock Consideration and (ii) that TrillerVerz issues $250 million of Company Convertible Notes which convert in connection with the proposed Business Combination at an agreed discount of 20% to an assumed $5 billion TrillerVerz valuation, the stockholders of SeaChange would own approximately 2.3% of the surviving company and the holders of TrillerVerz would hold approximately 97.7% of the surviving company. If all stockholders of SeaChange elected to receive the Cash/Notes Consideration, such stockholders would have no equity interest in the surviving company, and the Triller holders would collectively own 100% of the surviving company. For SeaChange stockholders that elect the Cash/Notes Consideration, each would receive their pro rata portion of such Cash/Notes Consideration which would then also reduce the resulting SeaChange stockholders' ownership percentages by taking into account the payment of the Cash/Notes Consideration and related reduction in the Stock Consideration. The notes (the "Merger Consideration Notes") to be issued to SeaChange stockholders who elect the Cash/Notes Consideration are payable on the one-year anniversary of issuance, bear interest at a rate of 5% per annum and, in the event an agreed fairness opinion is obtained by SeaChange in accordance with the provisions of the Merger Agreement, will be automatically converted by the surviving company into Buyer Class A Common Stock at such time as the market capitalization of the surviving company equals or exceeds $6 billion for ten consecutive trading days into 80% of the same number of shares of Buyer Class A Common Stock which the SeaChange stockholder would have received if instead

of electing the Cash/Notes Consideration such SeaChange stockholder had elected the Stock Consideration for the portion of the Cash/Notes Consideration attributable to the principal amount of the Notes Consideration. If the fairness opinion is not obtained, the Merger Consideration Notes will not be automatically convertible, but in any case, the holders of the Merger Consideration Notes will have the option to convert into Buyer Class A Common Stock if the surviving company exercises its optional redemption right, which it may do at any time, in whole or in part, on the same terms set forth above. The holders of the Merger Consideration Notes will have recourse against the surviving company and its assets only to the extent of the surviving company's interest in certain of its subsidiaries (who will also provide guarantees of the Merger Consideration Notes). The existing subsidiaries of SeaChange prior to the proposed Merger are also anticipated to provide a first lien security interest on their assets securing the Merger Consideration Notes. The Merger Consideration Notes will have limited covenants.

Advisors

Akin Gump Strauss Hauer & Feld LLP has advised TrillerVerz with certain legal matters related to the proposed Business Combination and K&L Gates LLP has advised SeaChange with respect to certain legal matters relating to the proposed Business Combination.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

20.  Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

21.  As set forth below, the Registration Statement omits material information.

22.  First, the Registration Statement omits SeaChange's and Triller's financial projections.

23.  The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

24.  Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Scura Partners.

5

25. With respect to Scura Partners' Discounted Cash Flow Analyses of SeaChange and Triller, the Registration Statement fails to disclose: (i) the unlevered free cash flows used in the analyses and all underlying line items; (ii) the terminal values; (iii) the net operating losses used in the analyses; and (iv) the individual inputs and assumptions underlying the discount rates and multiples used in the analyses.

26. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

27. Third, the Registration Statement fails to disclose the timing and nature of all communications regarding post-transaction employment, directorships, and benefits, including who participated in all such communications.

28. The omission of the above-referenced material information renders the Registration Statement false and misleading.

29. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and SeaChange**

30. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

31. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. SeaChange is liable as the issuer of these statements.

32. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

33. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

34. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

35. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

36. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

37. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants acted as controlling persons of SeaChange within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of SeaChange and participation in and/or awareness of the Company's operations

and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

40. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

41. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

42. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

43. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

8

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 17, 2022                  **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Gina M. Serra
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

9